UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RANDY RUSSELL YBARRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:18-CV-404 PPS-MGG |
| | ) | |
| WEXFORD MEDICAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed a complaint alleging he is being denied necessary medical care at the Indiana State Prison. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Ybarra alleges Nurse Practitioner Diane Thews refused to provide him with Minerin Creme, a non-prescription moisturizer, for the treatment of his chronic eczema and psoriasis even though he is indigent and unable to purchase it or an alternative from commissary. For medical professionals to be held liable for deliberate indifference to a serious medical need, they must make a decision that represents "such a substantial

departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Though it is unclear what authority she may have had to help him, Ybarra has plausibly alleged that she was deliberately indifferent to his need for medical treatment of his chronic eczema and psoriasis in violation of the Eighth Amendment. In addition, Ybarra alleges he was denied moisturizer because Wexford Medical has a policy or practice of denying needed non-prescription medical products to indigent inmates. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). This plausibly states a claim against Wexford for a violation of the Eighth Amendment.

Ybarra also alleges Nurse Practitioner Diane Thews told him twice to put in a health care request form to have his orthopedic shoes replaced. When he did, it was returned by another nurse who told him to discuss it during his next chronic care appointment. As a result he filed a grievance with Head Nurse Sherri Fritter. Ultimately he was seen by Dr. Marthakis on April 24, 2018, to replace his shoes and for "stabbing and burning pain caused by glass inside [his] right foot . . .." ECF 1 at 2. He alleges the doctor did not examine his foot and refused to provide him with any treatment. Here, Ybarra has stated a claim against Dr. Marthakis for violating the Eighth Amendment

and he may proceed for both compensatory and punitive damages as well as injunctive relief. However, he has not stated a claim against Nurse Practitioner Thews or Head Nurse Fritter. It was not deliberately indifferent to tell him to put in a health care request form even though someone else refused to schedule him for a visit. Neither is Head Nurse Fritter liable merely because she did not respond to his grievance. *See We the People Found., Inc. v. United States*, 485 F.3d 140, 143 (D.C. Cir. 2007) ("Plaintiffs contend that they have a right under the First Amendment to receive a government response to or official consideration of a petition for a redress of grievances. We disagree.") and *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003) ("[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance.").

For these reasons, the court:

(1) GRANTS Randy Russell Ybarra leave to proceed against Diane Thews in her individual capacity for compensatory and punitive damages for denying him medical treatment for his chronic eczema and psoriasis in violation of the Eighth Amendment;

(2) GRANTS Randy Russell Ybarra leave to proceed against Wexford Medical for compensatory and punitive damages for enforcing a policy or practice of denying needed non-prescription medical products to indigent inmates in violation of the Eighth Amendment;

(3) GRANTS Randy Russell Ybarra leave to proceed against Dr. Marthakis in her individual capacity for compensatory and punitive damages for denying him medical treatment for the glass in his right foot in violation of the Eighth Amendment;

(4) GRANTS Randy Russell Ybarra leave to proceed against Dr. Marthakis in her official capacity for injunctive relief to obtain medical treatment for the glass in his right foot as required by the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Sherri Fritter;

(7) DIRECTS the clerk and the United States Marshals Service to issue and serve process at the Indiana Department of Correction on Diane Thews, Wexford Medical, and Dr. Marthakis with a copy of this order and the complaint (DE 1) as required by 28 U.S.C. § 1915(d); and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Diane Thews, Wexford Medical, and Dr. Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 5, 2018

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT