UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY RUSSELL YBARRA,

    Plaintiff,

    v.                                     CAUSE NO.: 3:18-CV-404-PPS-MGG

WEXFORD MEDICAL, DOCTOR
MARTHAKIS, and DIANE THEWS,

    Defendants.

## OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed an amended complaint adding 2 paragraphs and updating the relief sought. In all other respects, the amended complaint (ECF 26) is the same as the original complaint (ECF 1). A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As previously explained in my screening of the original complaint (ECF 3), Ybarra plausibly alleged Nurse Practitioner Diane Thews was deliberately indifferent to his need for medical treatment of his chronic eczema and psoriasis in violation of the

Eighth Amendment by refusing to provide him with Minerin Creme, a non-prescription moisturizer, for the treatment of his chronic eczema and psoriasis even though he is indigent and unable to purchase it or an alternative from commissary. He plausibly alleged Wexford Medical has a policy or practice of denying needed non-prescription medical products to indigent inmates in violation of the Eighth Amendment. Finally, he plausibly alleged Dr. Marthakis violated the Eighth Amendment by denying him medical treatment for glass in his right foot. As previously explained (ECF 3), none of the other allegations in the original complaint (all of which are repeated in the amended complaint) state a claim.

In the two additional paragraphs, Ybarra attempts to add three new claims against Dr. Marthakis and Nurse Practitioner Thews. He alleges on July 12, 2018, they ordered that he be handcuffed and brought to medical. He alleges this violated his liberty interest in freedom. However, Yabarra was a prison inmate, he did not have a liberty interest in freedom and moving him in handcuffs within the prison did not violate his rights. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). He also alleges taking him to medical violated his right to refuse medical treatment. This is a curious claim given he is otherwise suing these defendants for denying him medical treatment. Nevertheless, he does not allege he was forcibly provided any medical treatment on July 12, 2018, only that he was taken to the medical unit where his medical records were discussed. This did not violate a right to refuse medical treatment.

Finally, he alleges his right to confidentiality was violated when his medical records were discussed in front of a guard. However, having guards present during

medical discussions with a doctor is not a violation of confidentiality. 45 C.F.R. 164.512(k)(5)(i)(F) (Medical information may be released to a correctional institution or law enforcement official in custody of an inmate when necessary for "[t]he administration and maintenance of the safety, security, and good order of the correctional institution."). Therefore this allegation does not state a claim.

For these reasons, the court:

(1) GRANTS Randy Russell Ybarra leave to proceed against Diane Thews in her individual capacity for compensatory and punitive damages for denying him medical treatment for his chronic eczema and psoriasis in violation of the Eighth Amendment;

(2) GRANTS Randy Russell Ybarra leave to proceed against Wexford Medical for compensatory and punitive damages for enforcing a policy or practice of denying needed non-prescription medical products to indigent inmates in violation of the Eighth Amendment;

(3) GRANTS Randy Russell Ybarra leave to proceed against Wexford Medical for injunctive relief to obtain needed non-prescription medical products when he is indigent as required by the Eighth Amendment;

(4) GRANTS Randy Russell Ybarra leave to proceed against Dr. Marthakis in her individual capacity for compensatory and punitive damages for denying him medical treatment for glass in his right foot in violation of the Eighth Amendment;

(5) GRANTS Randy Russell Ybarra leave to proceed against Dr. Marthakis in her official capacity for injunctive relief to obtain medical treatment for glass in his right foot as required by the Eighth Amendment;

(6) DISMISSES all other claims;

(7) DISMISSES Sherri Fritter;

(8) LIFTS the stay; and

(9) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Diane Thews, Wexford Medical, and Dr. Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 26, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT