UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY RUSSELL YBARRA,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD MEDICAL, DOCTOR MARTHAKIS, and DIANE THEWS,<br><br>Defendants. | CAUSE NO. 3:18-CV-404-DRL-MGG |

OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed a fifth motion for a preliminary injunction. In this motion he makes two separate requests for injunctive relief. First, he wants "medical treatment be giving to plaintiff immediately for the eczema and psoriasis issues on his scalp." ECF 121 at 1. Second, he wants the "defendants to photograph the current condition of scalp sores." ECF 121 at 1.

Mr. Ybarra is proceeding on several claims against several defendants, but the only one relevant to the preliminary injunction question is his claim "against Wexford Medical for injunctive relief to obtain needed non-prescription medical products when he is indigent as required by the Eighth Amendment." ECF 122 at 6. Mr. Ybarra is not proceeding on a broad claim about the treatment of his eczema and psoriasis. Rather, he is proceeding on a narrow claim to obtain necessary non-prescription medical products when he is indigent and unable to afford to buy them from commissary. Specifically, he wants "suliem sulfide shampoo." ECF 121 at 4.

In its response, Wexford submitted a declaration stating Mr. Ybarra was seen by a physician on November 12, 2019, only a month before he filed this preliminary injunction motion. ECF 125-1 at 1. She diagnosed him with "mild dandruff with occasional folliculitis [and determined] his request for this shampoo is not a medical necessity for the Plaintiff." *Id.* at 2. She described how his skin

conditions were being treated with medications. Mr. Ybarra did not file a reply and the time to do so has passed.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

> To obtain a preliminary injunction, a plaintiff must first show that: (1) without such relief, it will suffer irreparable harm before final resolution of its claims; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of success on the merits. If a plaintiff makes such a showing, the court next must weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one. This assessment is made on a sliding scale: The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor. Finally, the court must ask whether the preliminary injunction is in the public interest, which entails taking into account any effects on non-parties. Ultimately, the moving party bears the burden of showing that a preliminary injunction is warranted.

*Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018) (citations and quotation marks omitted).

Mr. Ybarra may not be able to afford to purchase his preferred shampoo from commissary. However, he has not clearly demonstrated that it is a medically necessary non-prescription product. As such, he has not made a sufficient showing that he has any chance of success on the merits of this claim, and his request for a preliminary injunction to obtain non-prescription shampoo must be denied.

As for his request for photographs of his scalp, this request is not properly characterized as a preliminary injunction. A preliminary injunction is to prevent irreparable harm before a final resolution. *Id.* Here, in the absence of photographic evidence, Mr. Ybarra will not suffer any harm before the conclusion of this case. That said, Mr. Ybarra cannot take his own photos because he is a prisoner and does not have a camera. However, the defendants could. Indeed, if they have not, it is inexplicable why they have not. It is likely there will be conflicting evidence about these sores, and a

2

photograph could well be dispositive evidence. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."). Nevertheless, his request for a preliminary injunction to obtain photos of his scalp must be denied.

For these reasons, the fifth motion for a preliminary injunction (ECF 121) is DENIED.

SO ORDERED.

January 21, 2020    *s/ Damon R. Leichty*
Judge, United States District Court